UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHARLES ALAN OWEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:12-cv-00034-NT |
| | ) | |
| SPORTS GYMNASTICS FEDERATION | ) | |
| OF RUSSIA, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER RE: ALTERNATIVE SERVICE**

Claiming that the Sports Gymnastics Federation of Russia consented to the jurisdiction of the courts of the United States when it registered its internet domain name, russiangymnasts.net, through a Houston, Texas, company, Charles Alan Owen has brought suit against the association in this court, alleging common law fraud, violation of the Lanham Act, and also alleging violations of the Russian Civil Code and perhaps the Russian constitution. Owen seeks declaratory and injunctive relief relating to the defendant's use of websites as the "official" website of certain Russian gymnasts, as well as monetary damages. Perhaps frustrated by his attempt to proceed through other channels in order to obtain a judicial ruling[1], Owen has filed a motion in this court seeking authorization to make alternative service by serving the defendant through its e-mail address and by faxing a copy of the complaint to its headquarters in Russia. I now deny the motion without prejudice to Owen's right to resubmit a similar motion in the event certain conditions discussed herein have been met.

Rule 4(h) governs service upon a corporation, partnership, or association such as the defendant, which is identified as a public organization registered in the Russian Federation. Rule

---

[1] Owen describes an aborted attempt to file suit in an American court about one year ago and he also describes an unsuccessful attempt to bring suit in the Russian courts. He provides scant information about what attempts he has made to have the Federation served in Russia by means other than e-mail and fax.

4(h)(2) provides that when service is to be accomplished upon such an organization at a place not within any judicial district of the United States, the plaintiff must use one of the means of service authorized for service upon an individual in a foreign country, except that the rule specifically disallows service by delivering a copy of the summons and complaint to the individual personally under Rule 4(f)(2)(C)(i). The means of service authorized under Rule 4(f) include the following: (1) "any internationally agreed means of service that is reasonably calculated to give notice," such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) in the absence of an internationally agreed means, any method "that is reasonably calculated to give notice" that is prescribed by the foreign country's law, that is pursuant to the foreign authority's direction, or that is not prohibited by the foreign country and involves personal service or uses a form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).

Owen explains that there is an apparently longstanding dispute between the Russian Federation and the United States Department of State over the Russian government's suspension of American requests for assistance with service under the Hague Convention. He has attached to his motion a State Department letter dated May 19, 2005, that explains the dispute has existed since 2003. (Doc. No. 4-1.) By attaching this letter, I assume Owen is representing to this court that the use of the Russian central authority under the Hague Convention remains unavailable to him and he is unable to complete service under any internationally agreed means of service. I note that the State Department advised Owen in 2005 that if a private litigant wanted to make service on a Russian organization, the litigant would be well advised to confer with Russian counsel as to the legal means available for service.

Owen has failed to provide me with any information about the method of service that is prescribed by Russian law by the courts of general jurisdiction within Russia. Nor has he indicated whether Russia has directed that service be made in a particular manner. Nor has he indicated a method of service, not prohibited in Russia, that would result in a signed receipt. Of course, it would be beyond the scope of my order to attempt to ascertain the parameters of Russian law regarding service. The validity of any service this Court ultimately authorized would presumably be tested under Russian law if Owen ever sought to enforce any judgment he might obtain against the defendant. It is apparent, however, that Owen does not invoke the provisions of Rule 4(f)(1) or (2) by this motion, nor would Owen necessarily be required to invoke those provisions in order to effectuate service—if his motion supported his contention that alternative service was required.

Instead, Owen is relying upon the provisions of Rule 4(f)(3) and asking this court to order alternative service in the form he has suggested, representing that fax and e-mail service of English language documents in Russia is not prohibited by international agreement. Obviously, this Court would normally expect that service would be accomplished in accordance with the Hague Convention. Owen has not satisfied me that the Russian/American dispute over the Hague Convention's provision regarding service costs still exists, since the most recent information he provides is the 2005 letter from the United States Department of State to one Dennis Moran in Seattle, Washington. Judging from the documentation enclosed, it does not appear that the matter involving Moran is related in any way to the present litigation. Indeed, one of the cases Owen cites notes that ordering service under Rule 4(f)(3) would be prohibited in contravention of an international agreement if the Hague Convention protocols were in play. Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 n. 4 (9th Cir. 2002).

In this case, Owen has represented to the Court that both the Russian Federation and the United States of America are now signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, presenting a different factual background than the one presented in Forum Financial Group, LLC v. President, Fellows of Harvard College, 199 F.R.D. 22, 23 n. 1 (D. Me. 2001) (noting that Russia was not a signatory in 2001). Furthermore, Owen's motion does not articulate what attempts, if any, he has made through Russian counsel to make more traditional service on the association at its usual place of business in Russia. There is no suggestion that the Federation is attempting to evade service. Finally, it is not clear to me that Owen's suggestion that he can serve process in Russia without translating the complaint and summons documents into Russian is indeed service that is "not prohibited by international agreement" as required under Rule 4(f)(3). If Owen can provide me with satisfactory documentation, including affidavits and/or declarations, that the Hague Convention dispute between the United States and the Russian Federation continues and the Hague Convention protocols are not a viable means of service, that he has attempted more traditional service in Russia by consultation with Russian individuals knowledgeable in Russian law, and that international agreements do not require the service documents to be translated into the official language of the foreign country, he may resubmit his motion for alternative service for reconsideration. Until such time as I am satisfied on these issues, the motion is denied.

### CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*
January 31, 2012            /s/ Margaret J. Kravchuk
                            U.S. Magistrate Judge